IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**EDWARD JAMES HOPSON**,

        *Plaintiff*,

*v.*           CAUSE NO. 3:22-CV-441-CWR-FKB

**SAFEWAY INSURANCE COMPANY
and MIKE REPAIR SHOP**,

        *Defendants*.

## ORDER

Before the Court is the Defendant's *Motion to Dismiss for Insufficient Process and Insufficient Service of Process*. Docket No. 12. The motion is fully briefed and ready for adjudication. Upon review, the motion will be denied.

Federal Rule of Civil Procedure 12(b)(5) authorizes a court to dismiss a civil action when service of process is inadequate. When a challenge is made to the adequacy of service, the serving party bears the burden of proving the validity of service or the existence of good cause for failing to perfect service. *See System Sign Supplies v. U.S. Dept. of Justice*, 903 F.2d 1011, 1013 (5th Cir. 1990). While a plaintiff's *pro se* status does not "excuse" their failure to perfect service, *id.* at 1013, courts will generally hold *pro se* plaintiffs to a "special" or less strict service of process standard than that applicable to attorneys. *Holly v. Metro. Transit Auth.*, 213 F. App'x 343, 344 (5th Cir. 2007) (citing *Lindsey v. U.S. R.R. Ret. Bd.*, 101 F.3d 444, 446 (5th Cir. 1996)).

Here, the Court finds that Mr. Hopson was clearly attempting to effect proper service on Safeway Insurance Company of Mississippi. As a *pro se* plaintiff, Mr. Hopson likely lacks the technical knowledge necessary to understand the legal distinction between Safeway Insurance Company of Alabama (the company he initially served) and Safeway Insurance Company of Mississippi (the proper defendant). Further, the Defendant's own motion highlights the fact that Mr. Hopson has not been dilatory in attempting to serve the proper defendant: "On January 25, 2023, Mr. Hopson filed a motion [6] requesting an extension until February 21, 2023 in which to serve process." Docket No. 12 at 7. That motion was granted. Before Mr. Hopson's new extension had elapsed, however, the Defendant filed this motion.

Considering Mr. Hopson's continued efforts, as well as his *pro se* status, the Court will grant Mr. Hopson 21 days to properly serve Safeway Insurance Company of Mississippi. During that time, Mr. Hopson can perfect service by

> delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and–if the agent is one authorized by statute and the statute so requires–by also mailing a copy of each to [Safeway Insurance Company].

Fed. R. Civ. P. 4(h)(1)(b). Alternatively, Mr. Hopson can effect service under Mississippi law, which requires serving "the president or other head of the corporation, upon the cashier, secretary, treasurer, clerk, or agent of the corporation, or upon any one of the directors of such corporation." Miss. Code Ann. § 13-3-49.

For these reasons, the motion to dismiss is **DENIED WITHOUT PREJUDICE**.

**SO ORDERED**, this the 16th day of March, 2023.

                                                  s/ Carlton W. Reeves
                                                  UNITED STATES DISTRICT JUDGE